

# Fourth Court of Appeals
## San Antonio, Texas

October 12, 2016

No. 04-16-00654-CR

Smelin V. **ROQUE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR8480
Honorable Philip A. Kazen, Jr., Judge Presiding

# O R D E R

The trial court revoked Appellant's community supervision and imposed sentence on August 25, 2014; Appellant had thirty days to file a motion for new trial. *See* TEX. R. APP. P. 21.4(a); *Rodarte v. State*, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993). Because the clerk's record in this appeal does not show Appellant timely filed a motion for new trial, the notice of appeal was due to be filed on September 24, 2014. *See* TEX. R. APP. P. 26.2(a)(1). Two years later, on September 28, 2016, Appellant filed a request for a copy of the appellate record and the name of his appellate counsel. We construe his request as a late-filed notice of appeal.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely motion for new trial, a defendant's notice of appeal is timely filed if it is filed within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2; *Olivo*, 918 S.W.2d at 522. In this case, the appellate record does not show that Appellant's notice of appeal was timely filed.

A late notice of appeal may be considered timely and invoke a court of appeal's jurisdiction if meets the following requirements:

(1) it is filed within fifteen days of the last day allowed for filing,

(2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

(3) the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

We ORDER Appellant to show cause in writing within TWENTY DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of October, 2016.

_____
Keith E. Hottle
Clerk of Court